United States versus Murphy. Good morning, Matthew Brissenden for the appellant. A defendant violates. Use the mic young man. Absolutely. There you go. A defendant violates 2423B when he travels in interstate commerce with the intent to do something which the law forbids. And in the context of statutory rape, that means travel with the intent to engage in sexual contact with a person whom he knows to be below the age of consent. It's virtually self-evident that a person who travels with the intent to meet another Murphy's crime was complete when he crossed the state line. That's correct. Not when he had sex with the young lady. That's correct. The statute criminalizes travel with intent. In fact, it's baked right into the title of the statute itself. Travel with intent to engage in illicit, i.e. illegal sexual conduct. And you say that's why the actual age is irrelevant in the terms of his criminal intent. His criminal intent is predicated upon what he knew when he crossed the state line. And we know this based on a series of cases dealing with law enforcement stings. The actual age of the victim isn't the deciding factor. What is important is that the person has criminal intent when they undertake the travel. And that's not possible unless you believe that the person you're going to meet is below the age of consent. Here, his belief was that she was 16. And it's all over the record. It's stated repeatedly that the defendant in this case honestly believed the representations that were being made by the complainant that she was 16 years old. He pled guilty. But the question is whether Rule 11 is satisfied. And we're in plain air land, right? Yes, Your Honor. So let's parse this just for a second. 11B says that the judge has to be satisfied that there's a factual basis upon which to enter the plea. But we said in Lloyd that that doesn't necessarily have to come just from the colloquy. It can come from anything that's apparent to the judge prior to the entry of the judgment of conviction, right? The court did say that. There appears to be, as I pointed out, a little tension with earlier cases, including McCarthy, which had seemed to previously suggest that the court needs to rely on the information it has before it at the time of the plea. But the court is right. In this court's most recent ruling— Lloyd's deviation, one of our colleagues could have corrected us in an en banc, but Lloyd's there, so Lloyd is the law right now as far as I'm concerned. But that's 11B, but then there's 11G, right? Correct. So there's two issues here. Number one, there's just this pervasive confusion going on as to what the elements are. And it's clear that the defendant doesn't understand that a lack of knowledge is a defense in this case. It's clear from his statements on the record. It's clear from what the attorneys are saying on the record that there's a pervasive misunderstanding about what the offense requires. And that leads, in turn, to the 11B3 error in the fact that not only does he not affirmatively allocute to having the necessary mens rea, he's affirmatively disclaiming it repeatedly, stating that he believed the defendant when she made her representations. So there's— Is there anything in the record to indicate that he had the intent to have sex with someone who was age 12 to 15? No. No, I— Well, he'd had sex with her before. So I mean, but that might go very well to the fact as to what he could observe from her or the fact that she correctly represented her age on Facebook, but he never colloquied to the apparent—an apparent discrepancy between her representation as her age and or her—how she appeared to him when he met her the first time, because he's charged with traveling interstate on the second sexual act as opposed to the first sexual act, right? You know, there was only one charge, and I'm not sure it was tied to a specific date. The sexual conduct did not occur at the first event. It occurred—there was a second and third meeting where sexual contact occurred. So it is true— But he wasn't—he wasn't colloquied to the fact that her actual age was represented on her Facebook page. He was not. And as a matter of fact, when he was confronted with that fact at sentencing, he affirmatively denied ever having— Well, I understand what he denies. A lot of people deny things, but this—that's why I focused on Rule 11. I'm not talking about—I'm not talking about whether—what his assertions are. I'm talking about what was—what was colloquied to and how the crime was represented to him to satisfy Rule 11. Because if there is an error—and if there is an error, it's a Rule 11 error, right? Yes, absolutely. That's what you're claiming. Absolutely. But both— So what his assertions are, frankly, are irrelevant. Well, no, certainly not irrelevant as far as determining whether there was a factual basis for the plea. I mean, this Court said in Seiler v. United States— No, they are irrelevant because—because the question is, what was he asked and what was he told? What he believes is—and what he asserts later on when he says—because what he—he says, I didn't know. Relevant in the sense of understanding the context of all this. But the reality is, is that—that when—when the crime was described to him, it was not described to him as crossing a state line, believing that she was under 16, correct? That's correct. And the government, when it was asked to be put to its proof, did not indicate how they were going to prove that he believed she was under 16. Didn't offer—didn't say we're going to prove the Facebook page and that he visited the Facebook page or anything else like that. To the contrary, there was a stipulation stating that the complainant had affirmatively misrepresented her age to him. So— It seems to me the—the elements were wrong from the beginning, even in the plea agreement. Because it's not for the—well, it depends—it's ambiguous because you do need intent. And not only is he not allocuting to the intent, clearly he doesn't understand that that intent is an element, and he's affirmatively disclaiming that intent whenever he has an opportunity. He was guilty of 2243, right? I mean, he just wasn't charged with that statute. Right. He was guilty of statutory rape. Well, so under 22— He wasn't charged with that. There's a different mens rea requirement under 2243. Sure. It's still— It's an absolute liability crime absent the affirmative defense. It's still the case that if the defendant legitimately and honestly and reasonably believes the person to be of the age of consent, that a crime has not been committed. But there's a burden-shifting mechanism at that point that falls on the defendant.  Right. He wasn't charged with that. That wasn't a trick question that Judge Chin was asking. It was just— No, no, I understand. But he—but I think the reason he wasn't charged with it is because it would have had to take place within a federal jurisdiction, right? Right. So if she had traveled and they had met on the Army base or the Air Force base where he worked, then arguably you'd have that offense. But that's not the case in this case. Right. Right. Yeah. I wanted— How has the error become plain? Is this—I mean, there's no case—you cite Blazak, I think, which is an Eighth Circuit case, right? Sure. So I make two arguments. There's no case that's—there's no case in the country—I guess there's a case out of Kentucky, a district court case that goes against you, but there's no case in which this specific issue has been litigated and determined by a circuit. I mean, it just hasn't—this just hasn't come up in this context, has it? It hasn't. Well, there's the Seventh and Eighth Circuit cases which we cite, too, which I think clearly support our interpretation of the statute. Beyond that, the statute itself is, I would say, plain on its face. As I said, the intent element is built right into the title of the statute. And in that sense, it's perhaps not that surprising that the issue hasn't—and it's in Sands' jury instructions. So in that sense, it's perhaps not surprising that it hasn't percolated to the Supreme Court. But what I would say, from a plain-error standpoint, is that the government's construction of the statute is inconsistent with the Supreme Court's holding in the excitement video case, because what the Supreme Court said is when you have a statute like this that criminalizes otherwise innocent conduct, like travel, then it's essential to have that mens rea and knowledge component built in as to the age of the victim, because if you don't, you have a statute that's criminalizing potentially innocent conduct and is constitutionally unclear. All right. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court, Sarah Carwin on behalf of the United States. Does the government agree that the second element is intent to engage in illicit sexual conduct? It is, Your Honor. And that is—we're talking about what is baked into the statute of 2423. So he never—I mean, what evidence is there that he had the intent to have sex with a 12- to 15-year-old? Well, Your Honor, I think we're getting one step ahead of ourselves, because 2423, the intent is to engage in illicit sexual conduct, which is then defined in subsection F1 as activity with someone under the age of 18. So if there is an intent requirement as to age in 2423, it is that, as stated in the statute, activity with someone under the age of 18. You can't read intent out because of the fact that if he accomplishes the actual sexual act, that's an absolute liability crime. I mean, what you're doing is you're attempting to read the intent out of it. Was the crime complete when he crossed the Connecticut state line with the intent to have sex with someone under 16? It would be, Your Honor. It was, right? Yes. Right. Having met the— So he had to believe that she was under 16 for him to commit the crime, didn't he? Well, no, Your Honor, because— No? Under 2423B, the age of majority under federal law is 18. She told him if he had a single phone call with her and she said, I'm 21 years old, and he said, I'm on my way, and he crosses the state line and she's actually 12, does he commit a crime? No, Your Honor, because he would have reason to believe she was not under the age of 18 as a 21-year-old. How is that not this case when she says she's 16? Well, she falls within 2423B. Excuse me? She falls within the definition of F1 of 2423B. She's under 18. So if she's between the ages of 18 and 12, it's irrelevant, her age? No, Your Honor. For what the predicate offense of 2423B is, it is relevant. For example, if she were 17 and he crossed state lines to engage in illicit sexual conduct with her, which was, say, production of child pornography, then that would be a crime under 2423B. The predicate offense here, the underlying offense, requires that she be between 12 and 15. But he has to intend to commit that crime, right? He has to intend to engage in illicit sexual conduct with someone under the age of 18. And the illicit sexual conduct is sex with someone between the ages of 12 and 16. He has to intend to commit that crime. Well, Your Honor, I don't believe so. No, I think he has to. You're ignoring the reference to Chapter 109A that's in the definition. It does say under 18 years of age. That would be in violation of Chapter 109A. So then you go to 109A, which includes 2243, and that's where you pick up the 12 to 15. Right, which the 2243 does not carry with it any requirement of age knowledge. There's a whole host of crimes under Chapter 109A which would qualify, Your Honor. Your view is that his knowledge of her age was irrelevant in crossing the state line. His knowledge of his age other than the victim being under the age of 18. Right. Yes, Your Honor, the government believes it's the only way you can read those two statutes together is that he travels with the intent to engage in some illicit sexual conduct with someone he believes under the age of 18, which, Your Honor, at the plea colloquy, he did say he traveled knowing she was under age. Under age, I understand that, but that could mean under 18. Well, he later on then adds to it. I circled that, too, and debated that with my clerks. And says things, I knew it was wrong, but I couldn't turn back. So in terms of what his purpose was, the government believes it's satisfied under Sun Section F1. I don't doubt that. Probably on 11B side of things that the court had enough in front of it to conclude that he probably did know she was under 16. But my problem is on the 11G side of things that the court satisfied itself that he fully appreciated what the crime was. Well, Your Honor, I think not only looking at the elements which are set forth and given bare bones nature in the plea agreement, there's also the indictment which sets forth the specific nature of what he was being charged with, traveling with the intent to engage in conduct with someone under the age of 18, and then having... The intent always that under 18 was enough, is that correct? Yes, Your Honor. That's the government's position. I'm having trouble following the analysis, so just give it to me again on why in the definition all you need is under 18, when there is a reference to Chapter 109A. Well, Your Honor, under 2423B, the intent reaches illicit sexual conduct, which is defined as a series of crimes involving individuals under the age of 18. So for example, Your Honor, if someone were to travel across state lines with the intent of engaging in sex with someone under 17, which might not be statutory rape, and engages in that type of conduct and, say, photographs the victim or takes videos and such, that would be the production of child pornography. But 18 is sort of like the umbrella, and then you have to look at specific violations. And what is there in 109A that the government is relying on? Well, that's... Some other section? Your Honor, it's section obviously 2243A, which is the sexual abuse of a minor, and that is a strict liability statute. Subsection D says... Yeah, when you have sex with a minor, it's a strict liability. But traveling to get there isn't. You have to have the intent to have sex with a minor. And you didn't charge them with 2243. Right. So you've got to travel with the intent. That's why when someone goes on one of those websites and an FBI person represents themselves to be 14 and the fellow crosses state lines to meet the alleged 14-year-old in a motel, that's a crime because he or she is crossing the state line intending to have sex with a 14. The representation of the individual's age is relevant to understanding the intent to cross the state line. And so I have a hard time understanding then how if a fellow crosses the state line intending to have sex with a 19-year-old, he suddenly commits a crime of absolute liability because she turns out to be 60. Well, Your Honor, those cases are charged as attempts. They're not charged as completed offenses as it was here. Well, but you and I both agree that crossing the state line with the intent. You don't have to have had sex. And he wasn't charged with having had sex with her. He was charged with having crossed the state line, traveling across the state line, intending to have sex, elicit sexual relations. That's correct, Your Honor, yes. Okay. And knowing, believing her to be under the age of 18 and then having met her on occasions and having reason to know that she was under the age of 16. I get all that, but that wasn't what happened in the context of the approval of the colloquy. I mean, that's the problem I have. Understood, Your Honor. I mean, you know, he may win the battle and lose the war because if this goes to trial, the odds are he's going to be convicted. Well, Your Honor, we have noted as well in footnote A to the brief that there were other potentially harsher penalties available. So in terms of what the prejudice may be to the defendant, he doesn't allege that he was prejudiced in that way and, in fact, would face a host of potential charges that carry much higher mandatory minimum sentences. The government's position is that if he intended to have sex with someone under the age of 18, that's sufficient. That's the government's position. Illicit sexual conduct, yes. Well, and that being under 18 would qualify for illicit sexual conduct, if he had that intent. No, the actual victim would have to be under the age of 16, but as it relates to his intent, yes. Thank you. Mr. DePristina, just to satisfy myself, your client's aware of what his exposure will be if he wins yours? He is, Your Honor. Obviously, we've had that conversation, and he's taken a very straightforward position from the beginning. If knowledge is not an element . . . Prior interaction, whether he went on Facebook and his actual knowledge may become very apparent if he's put to the proof. But your client's satisfied with this challenge? We've had a discussion about that, Your Honor. I'm sure you did. You know, I would like to talk . . . well, I guess I would just say that I think the discussion here today, if anything, highlights the confusion that was present at the time of the plea. I think the government's continued position with respect to what the statute requires is not correct, and it highlights the fact that there was an error under 11b1g. He never had sex with this young lady and just been charged with traveling. I think it would have been a much clearer situation. I think the confusion comes out of the fact that there's bleed over . . . the fact that he actually had sex with her, and somehow that kind of plays into everybody's thought processes. It's possible, and the people are treating it as if it was the substantive offense as opposed to what was actually charged here. I would note just briefly on the sentencing issue, to the extent that it's relevant, I think it's another troubling issue because if he had been convicted under that statute, his advisory guidelines would have been 24 to 30 months of substantively having sex with an underage person. Well, Judge Bryan had problems with the fact that he continued to kind of deny that he knew what he should have known. I think the sentence ultimately is guideline-driven here, because the guideline that ends up being applicable under this travel offense is meant to be tailored to sex tourism cases and sex trafficking cases. I think it's just an oversight of the Sentencing Commission that they didn't anticipate the DOJ would use this really draconian statute in a run-of-the-mill case. He got out of the house at night, and so, well, okay, fair enough. Thank you. Well-reserved decision. Thank you.